DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| THE FRED, LLC, and EVOLVE USVI, LLC,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>CAPSTONE TURBINE CORPORATION,  )<br>)<br>Defendant.  )<br>_____)  | Civil Action No. 2020-0029 |

**Attorneys:**
**Charles E. Lockwood, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiffs*

**Paul R. Neil, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Plaintiffs The Fred, LLC and Evolve USVI, LLC's (collectively "Plaintiffs") "Motion to Remand" (Dkt. No. 11) and the accompanying affidavits (Dkt. Nos. 11-2, Ex. A; 12-1, Ex. B), which were filed in early August 2020. Defendant has not responded to the Motion and the time for a response has long expired.[1] For the following reasons, the Court finds that the record does not establish that it has subject matter jurisdiction over this action. Therefore, the Court will grant Plaintiffs' Motion to Remand.

---

[1] The fact that the Motion to Remand was pending was mentioned by counsel for Plaintiffs at the conclusion of the November 12, 2020 initial status conference in this matter before Magistrate Judge George W. Cannon, Jr.

### I.  BACKGROUND

On May 20, 2020, Plaintiffs commenced an action in the Superior Court of the Virgin Islands alleging various contractual and tort-based claims arising out of Defendant's alleged failure to deliver a working electrical and hot water system on-time and as-promised. (Dkt. No. 1-1). Pursuant to 28 U.S.C. § 1441, Defendant removed this action from the Superior Court based on alleged diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1 at 2). Defendant asserts that complete diversity of citizenship exists between Plaintiffs and Defendant because Plaintiffs are citizens of the U.S. Virgin Islands and Defendant is a Delaware corporation with its principal place of business in California. (Dkt. Nos. 1 at 2; 1-3, Ex. C). Plaintiff then moved to remand, arguing that the Court does not have subject matter jurisdiction over the matter because Plaintiffs are citizens of Delaware and therefore complete diversity does not exist between Plaintiffs and Defendant. (Dkt. No. 11).

### II.  APPLICABLE LEGAL PRINCIPLES

Pursuant to 28 U.S.C. 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." For a removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties—that is, every plaintiff must be of diverse state citizenship from every defendant. 28 U.S.C. § 1332(a); *see also Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). Conversely, the presence of a non-diverse party as between plaintiff(s) and defendant(s) automatically destroys subject matter jurisdiction. *See Brown v. JEVIC*, 575 F.3d 322, 327 (3d Cir. 2009).

The party seeking removal bears the burden of establishing federal jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 397 (3d Cir. 2004). The party seeking to establish jurisdiction based on diversity "generally meets this burden . . . by a preponderance of the evidence." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006). "[I]n order to carry out the Congressional intent to limit jurisdiction in diversity cases, doubts must be resolved in favor of remand." *Samuel-Bassett*, 357 F.3d at 403 (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991)).

"Because a motion to remand shares an essentially identical procedural posture with a challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), it is properly evaluated using the same analytical approach." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the [notice of removal], and it requires the court to consider the allegations . . . as true." *Davis*, 824 F.3d at 346 (internal quotation marks and citation omitted). In contrast, a factual attack disputes "the factual allegations underlying the . . . assertion of jurisdiction," and involves the presentation of competing facts. *Id*.

### III. DISCUSSION

Here, Plaintiffs do not contest that the damages requested in this matter exceed the statutory $75,000 amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332(a). (Dkt. No. 11). However, Plaintiffs present affidavits in support of their assertion that complete diversity does not exist because both Plaintiffs and Defendant are citizens of Delaware. (Dkt. Nos. 11-2, Ex. A; 12-1, Ex. B). Because Plaintiffs are disputing Defendant's factual allegations underlying its

3

assertion of diversity jurisdiction, and in so doing, have presented competing facts, Plaintiffs are making a factual challenge to subject matter jurisdiction under Rule 12(b)(1). *Davis*, 824 F.3d at 346.

Defendant is a corporation. (Dkt. Nos. 1 at 3; 1-3, Ex. C). A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is incorporated in Delaware and has its principal place of business in California. (Dkt. No. 1-3, Ex. C). Accordingly, Defendant is a citizen of both Delaware and California.

Plaintiffs are limited liability companies. (Dkt. Nos. 1 at 3, 11 at 2-3). The citizenship of a limited liability company is based on the citizenship of each of its members. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("For complete diversity to exist, all of the [limited liability company's] members must be diverse from all parties on the opposing side.") (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) and *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 185 (3d Cir. 2008) (internal quotations and footnotes omitted)). Christopher Swanson ("Swanson") and Jeffrey Printz ("Printz") are individuals who are members of both The Fred, LLC and Evolve USVI, LLC. (Dkt. Nos. 11 at 2; 12-1, Ex. B; 11-2, Ex. A). An individual's citizenship for purposes of subject matter jurisdiction is synonymous with domicile. *Frett-Smith v. Vanterpool*, 511 F.3d 396, 400-01 (3d Cir. 2008). Swanson is domiciled in—and thus a citizen of—Delaware. (Dkt. No. 12-1, Ex. B). Printz is also domiciled in—and thus a citizen of—Delaware. (Dkt. No. 11-2, Ex. A).

Because Defendant is a citizen of Delaware, and so are Plaintiffs, complete diversity does not exist and the Court does not have subject matter jurisdiction over this action. *Brown*, 575 F.3d

at 327. Accordingly, the Court will grant Plaintiffs' Motion and remand the case to the Superior Court.

      An appropriate Order accompanies this Memorandum Opinion.

Date:   March 17, 2021                       _____/s/_____
                                                     WILMA A. LEWIS
                                                     Chief Judge